The undersigned have reviewed the Decision and Order based upon the record of the proceedings before the Deputy Commissioner and upon written and oral arguments presented by the parties.
The appealing party has shown good grounds to reconsider the evidence. Upon reconsideration of the evidence, the undersigned reach different conclusions than those reached by the Deputy Commissioner. Accordingly, the Full Commission HEREBY REVERSE and VACATE the March 18, 1996 Opinion and Award by Deputy Commissioner Ford and proceed to make their own findings of fact, conclusions of law, and ultimate order.
* * * * * * * * * *
Based upon the competent and convincing evidence of record, the undersigned make the following
FINDINGS OF FACT
1. The alleged negligence of the alleged employees of the defendants occurred from January of 1986 through November of 1987.
2. During this period of time, plaintiff was a minor, with a date of birth of February 18, 1972.
3. On October 28, 1989, the plaintiff married at the age of 17.
4. On February 17, 1993, this proceeding was filed in the North Carolina Industrial Commission against the named defendants under the North Carolina Tort Claims Act claiming damages for the negligence of said defendants.
* * * * * * * * * *
The foregoing findings of fact engender the following
CONCLUSIONS OF LAW
1. G.S. 143-299 requires all claims under the Tort Claims Act to be filed with the Commission "within three years after the accrual of such claim . . ." G.S. 143-299. In the case of a minor plaintiff, pursuant to G.S. 1-17, the following applies: "a person entitled to commence an action who is at the time the cause of action accrued" either under the age of 18 years old, insane, or incompetent, may bring his or her action within three years after the removal of the disability. G.S. 1-17(a)(1), (2), and (3).
2. The issue of first impression which the undersigned must now address is whether G.S. 7A-724 or G.S. 7A-726, as they relate to emancipation by marriage, are intended to be read in accord with G.S. 1-17 to begin to run plaintiff's statute of limitations from the date of her marriage rather than from her eighteenth birthday.
G.S. 7A-724 provides that following a final decree of emancipation, "[t]he petitioner has the same right to make contracts and conveyances, to sue and to be sued, and to transact business as if he were an adult." G.S. 7A-724(1).
G.S. 7A-726 provides that "[a] married juvenile is emancipated by this article." G.S. 7A-726.
3. There is no indication that North Carolina has ever construed or intended to construe G.S. 1-17 to mean that the three (3) year statute of limitations begins to run when a minor child is married. In addition, there is no indication of any clear legislative intention to regard emancipation by marriage as automatically triggering the running of the statute of limitations in G.S. 1-17.
4. Plaintiff was seventeen at the time of her marriage on October 28, 1989 and thus her emancipation by G.S. 7A-724 and G.S. 7A-726. At the time she filed her claim on February 17, 1993, plaintiff was about to turn 21, with her eighteenth birthday having been reached on February 18, 1990, thus triggering G.S. 1-17's ending of the toll so that her statute of limitations began to run.
5. In light of the lack of any clear legislative or judicial directive on this issue, the undersigned feel that only G.S. 1-17 and G.S. 143-299 may be read in accord at this time. That being the case, the filing of the claim under the Tort Claims Act on February 17, 1993, falls within the three years allowed under G.S. 143-299. Accordingly, plaintiff's filing of the claim is DEEMED TO BE TIMELY, so that the Industrial Commission obtains jurisdiction to hear her case.
* * * * * * * * * *
The foregoing findings of fact and conclusions of law engender the following:
ORDER
The above-captioned case is HEREBY REMANDED to the Deputy Commissioner level for a full hearing on the merits.
This the _____ day of ___________________________, 1996.
 S/ __________________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________________ DIANNE C. SELLERS COMMISSIONER
S/ _______________________________ LAURA K. MAVRETIC COMMISSIONER
JHB/nwm 11/18/96